Hilaire P. Coussement v. Commissioner.
Coussement v. Commissioner
Docket No. 1420-63.
United States Tax Court
T.C. Memo 1966-179; 1966 Tax Ct. Memo LEXIS 105; 25 T.C.M. (CCH) 930; T.C.M. (RIA) 66179; August 1, 1966
Hilaire P. Coussement, pro se, 20651 Frazho Rd., St. Clair Shores, Mich. Charles H. Powers, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined deficiencies in petitioner's income tax for the years 1959, 1960 and 1961 in the amounts of $2,083.93, $3,338.85 and $3,021.79, respectively. Respondent also determined petitioner was liable for an addition to tax under section 6654(a), Internal Revenue Code of 1954 in the amount of $22.17 for the taxable year 1959. While the determinations of deficiencies and the petition indicate there are contested issues with respect to European travel expense deductions, depreciation of rental property, automobile expenses and depreciation, and whether taxes paid were business expenses, the only issue *106 to which the evidence and argument is directed is the travel expense issue for trips to Europe during each of the years in question, so the other issues must be deemed abandoned. Petitioner was 61 years old as of May 18, 1959. He and his wife live at St. Clair Shores, Michigan. They each filed separate income tax returns for the years in question. Petitioner filed his with the district director of internal revenue, Detroit, Michigan. In these returns for 1959, 1960 and 1961 he took deductions for "maintenance expense" in the amounts of $5,538.04, $8,007.50 and $8,783.71, respectively. Respondent determined the so-called deductions for "maintenance expense" included the expenses of taxpayer and his wife while on trips to Europe during 1959, 1960 and 1961, in the amounts of $2,742, $4,107.75 and $4,037.87, respectively, and respondent disallowed such alleged travel expense deductions. During the years in question petitioner was engaged in business as the sole proprietor of The C. C. Dental Abrasive Products Co. in St. Clair Shores, Michigan. The business is that of producing grinding wheels and abrasives used in grinding and finishing dental plates. Petitioner chose to try his *107 own case. His testimony was directed entirely to the European trips. It was vague and rambling. There is some indication that he did make a trip or trips to Europe and there was some business relation but we do not know how much was spent or the extent of the business conducted. Respondent seems to concede there was some business connection for the trips and at the trial he conceded travel expenses for these trips made in 1959, 1960 and 1961 that would be deductible as business expense would not exceed $609.33, $912.83 and $897.30, respectively. Petitioner's evidence is a complete failure of proof to show European travel expenses deductible as business expenses in excess of the amounts allowed by respondent. We hold for respondent on the issue - with consideration to be given to his concession at the trial. An attorney did enter his appearance for petitioner after the trial and he filed a brief wherein he mentions the depreciation of rental property issue about which there was no testimony. The returns show the computation of ddepreciation on a brick store building was made by using a useful life of 20 years for the building and the computation of deficiency indicates respondent *108 gave the building a useful life of 33 1/3 years. The statement on brief is that petitioner acquired the property in 1955 when he was 57 years old and petitioner's 20 year period was correct for, "it is reasonable to assume that the taxpayer would live only 20 years from the date of acquisition, and accordingly the property would only be useful to him for that period of time." There is no merit in such a bizarre suggestion. The useful life of rental property for depreciation purposes is not based on the life expectancy of the owner. We hold for respondent. Decision will be entered under Rule 50.